IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ROVER PIPELINE, LLC,** : | |
| : | Case No. 2:17-CV-00105 |
| **Plaintiff,** : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | Magistrate Judge Jolson |
| **5.46 ACRES OF LAND, MORE OR LESS,** : | |
| **IN BELMONT COUNTY, OHIO, et al.,** : | |
| : | |
| **Defendants.** : | |

# ORDER

This matter is before the Court on two Motions. The first is a Motion for Leave to File Counterclaims (ECF No. 729) filed by a group of Defendant-landowners—namely, Defendants Michael E. Aberegg, Jr., Sarah Aberegg, Michael E. Aberegg, Sr., Michael W. Loudoun, Amy J. Loudon, William E. Moore, Cynthia M. Moore, Mark L. McCoy, Rhonda S. McCoy, and Gary L. Harvey. The second is Plaintiff Rover Pipeline's Motion to Enforce the Settlement Agreement achieved that same group of landowners at a February 27, 2017, Settlement Conference before this Court. (ECF No. 733).

For the reasons set forth below, the Court **GRANTS** Rover's Motion to Enforce the Settlement Agreement and **DENIES** the Motion for Leave to File a Counterclaim.

## I. BACKGROUND

In February 2017, Rover filed a Complaint in which it sought to condemn easements necessary "to survey, construct, lay, maintain, inspect, erect, alter, operate, protect, [and] repair" its Pipeline Project. (ECF No. 1 at 261–62). Later that month, this Court scheduled a preliminary injunction hearing to determine whether and to what extent Rover had a right to easements pursuant to the federal eminent domain power to "both temporarily work on the affected properties

and to permanently locate the pipeline therein." (ECF No. 299). But before the preliminary injunction proceedings commenced, many of the landowner-defendants in the case told the Court that they wished to conduct settlement negotiations. (ECF No. 465 at 52). Ultimately, the Landowners who now seek leave to file counterclaims and Rover reached settlement, key terms of which were memorialized in the hearing transcript. (*Id.*).

The day after the preliminary-injunction-hearing-cum-settlement-conference, the Court conducted a preliminary injunction hearing to resolve the rights of the landowners who had not appeared or settled the previous day. (*Id.* at 67). In an Order dated March 1, 2017, the Court concluded that Rover was entitled to an order confirming its condemnation authority and to immediate possession of a significant number of the easements sought, which were enumerated in Appendix 1 to the Order (ECF No 460 at 1). Later, during a March 14 hearing on the remainder of Rover's motion for condemnation authority and immediate possession, Rover represented that it had reached settlement agreements with the landowners who owned the twelve parcels that were not subject to the Court's March 1, 2017 Order. (ECF No. 560 at 2). The Court therefore granted Rover's underlying Motion (*id.*), thereby confirming, among other things, "Rover's right to acquire the Easements by eminent domain under the Natural Gas Act" and "awarding immediate possession of the Easements to Rover to enable commencement of on-site construction related activities." (ECF No. 110). The Court considered those issues resolved, and turned its attention to appointment of a Commission to determine just compensation for the easements acquired. (*See* ECF No. 666).

Landowners now argue that this series of Orders did not, in fact, resolve Rover's right to condemnation and possession of their respective properties. Specifically, they contend that Rover Pipeline is trespassing on the Landowners' properties in contravention of the Settlement

Agreement reached on February 27, 2017. (ECF No. 729 at 2). In Landowners' telling, the agreement *only* permitted Rover access to the property "for the limited purposes of clearing trees and construction" and not for actual operation of the pipeline. (ECF No. 729-2 at 3).

Rover, meanwhile, contends that the Settlement actually "provided Rover with a right of entry onto Defendants' properties lasting until final compensation was determined through either settlement or litigation . . . ." (ECF No. 733 at 2). Rover asks that this Court either enforce the settlement agreement, or, if the Court finds that the right of entry was limited to tree felling and construction, that the Court hear Rover's Motion for Immediate Possession for operation and maintenance of the pipeline. (*Id.* at 13-14).

## II. STANDARD OF REVIEW

### A. Counterclaims

Generally, a court "should freely give leave" to file a counterclaim "when justice so requires." Fed. R. Civ. P. 15(a)(2). Justice does not so require when the counterclaim is sought in bad faith or if the claim would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). In Rule 71.1 proceedings, however, "[a] defendant waives all objections and defenses not stated in its answer. No other pleading or motion asserting an additional objection or defense is allowed." Fed. R. Civ. P. 71.1(e)(3).

### B. Settlement Agreements

This Court possesses a "broad, inherent authority and equitable power. . . to enforce agreement in settlement of litigation pending before it. . . . " *Therma-Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 419 (6th Cir. 2000) (quoting *Bostick Foundry Co. v. Lindberg,* 797 F.2d 280, 282–83 (6th Cir.1986)). Before it can enforce a settlement agreement, however, "the district court must conclude that agreement has been reached on all material terms." *Id.* (quoting *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988)).

Whether an agreement has been reached on all material terms is a question of contract law, and it is therefore incumbent upon this court to "apply the choice of law rules of the forum state." *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992) (citing *Lee v. Hunt,* 631 F.2d 1171, 1174 (5th Cir.1980)). Ohio law directs that, in the absence of a contractual provision specifying which state's substantive law governs, courts must apply the law of the state with the most significant relationship to the contract. *Int'l Ins. Co. v. Stonewall Ins. Co.*, 86 F.3d 601, 604 (6th Cir. 1996). Here, the settlement agreement was formed and assented to in Ohio, and the parties agree that Ohio substantive law governs. (ECF Nos. 733 at 9; 744 at 3).

The Supreme Court of Ohio has cautioned that because the existence of a settlement "eliminates the right to adjudication by trial" a court "should be particularly reluctant to enforce ambiguous or incomplete contracts that aim to memorialize a settlement agreement between adversarial litigants." *Rulli v. Fan Co*., 1997-Ohio-380, 79 Ohio St. 3d 374, 376, 683 N.E.2d 337, 339 (Ohio 1997). However, where the terms of the settlement agreement are "reasonably certain and clear," a settlement agreement is valid and enforceable. *Id.*

### III.   ANALYSIS

Both pending motions attempt to resolve the same question: does Rover Pipeline validly possess easements on Defendants' land for the purpose of constructing and operating its pipeline? The Settlement Agreement that the parties entered into on February 27, 2017, provides a definitive answer to this question: Rover has the right to use the easements, and there is no legal or factual basis upon which Defendants would prevail on a counterclaim based on Rover's alleged trespass on the properties.

In reaching this conclusion, the Court relies on the terms of the settlement, as memorialized in the transcript, as well as the procedural context leading to the settlement. The February 27,

4

2017, and February 28, 2017, hearings were intended to settle the question whether Rover could condemn easements "to survey, construct, lay, maintain, inspect, erect, alter, operate, protect, [and] repair" its Pipeline Project. (ECF No. 1 at 261–62). The Court articulated this understanding both at the hearing, and in Orders emanating from the hearings: the March 1, 2017 Order issued by this Court recognized Rover's "immediate right of entry and access to the easements" to, among other things, "survey, construct, lay, maintain, inspect, erect, alter, [and] operate" the pipeline with regard to the parcels owned by properly-served defendant-landowners, a group which includes the Defendant-Landowners who filed the Motion the Court now considers. (ECF No. 460). Every party would have operated pursuant to the understanding that when the preliminary injunction hearing took place, it was aimed toward adjudicating Rover's entire bundle of rights as to the easements.

Nor does the relevant portion of the transcript support Defendant-Landowners' position: the transcript reflects that the parties memorialized an agreement as to an advance deposit, agreed that there would be a "full reservation of rights on the part of the landowner" to present any damage claims, agreed that there was an immediate right of entry, and promised to exchange a right-of-entry agreement and easement agreement so the parties could turn their attention to compensation. (ECF No. 465 at 53-54). The Court then clarified that those were the "final conditions," and attorney for Defendant-Landowners represented that he was in agreement with the conditions as set forth by Rover's attorney. (*Id.* at 54).

Defendant-Landowners argue that when Rover's counsel clarified at the hearing that the right of entry included the right of immediate entry "starting tomorrow for felling trees and construction" that Rover's counsel *limited* the right of entry to those purposes. Not so. The

5

transcript shows that, if anything, Rover's counsel *augmented* Rover's substantive right to entry through the proviso that the right of entry included immediate access to the land. (*Id.* at 53).

The Court is also convinced that the terms of the settlement agreement are reasonably certain and clear because no other defendant, out of hundreds who are party to this case, has advanced the theory that Defendant-Landowners now advance. It strains the Court's credulity to imagine that, out of all of the defendants party to the case, Rover took ten landowners aside and reached a settlement only as to tree felling, and not as to the entire bundle of rights associated with the easement.

As such, the Motion to Enforcement the Settlement is **GRANTED**, and the Court finds that the parties agreed that Rover had full possessory rights over Defendant-Landowners' properties, including the right to operate the pipeline, a right which lasts through resolution of this case by settlement or adjudication.

Because the settlement definitively answers the question whether Rover possesses a right to operate the pipeline on Defendant-Landowner's properties, any counterclaims for trespass, nuisance, and breach for unauthorized use are futile. Moreover, counterclaims are explicitly prohibited in Rule 71.1 proceedings. Fed. R. Civ. P. 71.1 (e)(3). As such, the Court declines to give leave to the Defendant-Landowners to file the Counterclaim, and Defendant-Landowner's Motion for Leave to File is **DENIED**. (ECF No. 729).

## IV.   CONCLUSION

Defendant-Landowners' Motion for Leave to File Counterclaims is **DENIED**. (ECF No. 729). Rover Pipeline's Motion to Enforce the Settlement Agreement is **GRANTED**. (ECF No. 733).

**IT IS SO ORDERED.**

                                                  **s/ Algenon L. Marbley**
                                        **ALGENON L. MARBLEY**
                                        **UNITED STATES DISTRICT JUDGE**

**DATED: August 9, 2018**