IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION



| | |
|---|---|
| ROVER PIPELINE LLC, | : |
| Plaintiff, | : Case No. 2:17-cv-105 |
| v. | : JUDGE ALGENON L. MARBLEY |
| MARK C. KANZIGG, *et al.*, | : Magistrate Judge Jolson |
| Defendants. | : |

## OPINION & ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

### I. INTRODUCTION

This matter is before the Court on Plaintiff Rover Pipeline LLC's Motion for Order Confirming Condemnation Authority for Additional Temporary Workspace Easements and Temporary Workspace Extensions and Awarding Immediate Possession of the Easements and Extensions Sought in the Fourth Amended Complaint (hereinafter "Motion for Additional Easements and Immediate Possession"). (ECF No. 803). The Court held a S.D. Ohio Civ. R. 65.1 Conference on April 9, 2019 at 10:00 am. At the Rule 65.1 Conference, counsel for Rover represented that Rover was seeking easements on land belonging to several landowners.[1] Having considered the Motions, and the pleadings in support of the Motion, as well as the arguments of counsel, this Court hereby **GRANTS IN PART and DENIES IN PART** the Plaintiff's Motion.

---

[1] Plaintiff's Motion for Additional Easements and Immediate Possession requested relief against numerous landowners. At the 65.1 Conference, however, counsel for Rover represented that, at this time, they were only seeking a TRO against certain landowners.

1

## II. BACKGROUND

Plaintiff Rover Pipeline LLC is a natural gas company that operates a pipeline through part of Ohio. Rover's right to construct and operate the pipeline is contingent upon compliance with certain environmental conditions. Rover filed a Fourth Amended Complaint and a Motion for Order to Confirm Condemnation Authority for Additional Temporary Workspace Easements and Temporary Workspace Extensions and Awarding Immediate Possession of the Easements and Extensions Sought in the Fourth Amended Complaint on March 15, 2019. (ECF Nos. 802, 803). Rover seeks an easement onto the Klotzle property; Oneacre property; McCoy property; Hopkins property; Holiday property; Dotterer property; J & R Passmore, LLC property; Karen Lehman, Stanley Connell and Karen Lehman Family Revocable Living Trust, and Stanley J. Connell properties; Florence property; James P. Shippy Irrevocable Trust Agreement Dated July 22, 2010 property; Jeffrey A. Paczewski property; Buckeye Grove Farm, LLC property; and Fennimore property.

Rover has filed this Motion for Additional Easements and Immediate Possession to prevent possible safety issues and environmental harm. Land around the pipeline is susceptible to "slips," which are essentially small-scale landslides. Rover argues that if it does not repair these land slips, the pipeline could present a safety issue. This could result not only in the pipeline being shut down, either of its own accord or by FERC, but also, in the worst-case scenario, a gas explosion. With respect to the properties at issue here, Rover requested access to the properties for four categories of remediation: (1) routine, "garden variety" remediation; (2) repairing slips or subsidence; (3) anomaly digs; and (4) erosion control devices.

## III. LAW AND ANALYSIS

A Temporary Restraining Order is an emergency measure. *See McGirr v. Rehme*, Case No. 16-464, 2017 U.S. Dist. LEXIS 61151, at *10 (S.D. Ohio Apr. 21, 2017). Federal Rule of Civil Procedure 65(b) requires a Court to examine whether "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant." Fed. R. Civ. P. 65(b)(1)(A). A temporary restraining order is meant "to prevent immediate and irreparable harm to the complaining party during the period necessary to conduct a hearing on a preliminary injunction." *Dow Chemical Co. v. Blum*, 469 F. Supp. 892, 901 (E.D. Mich. 1979). Therefore, although some courts would examine the four factors required for issuance of a preliminary injunction, a focus on "[t]he irreparability and immediacy of harm" is all that is required. *See, e.g., Women's Med. Prof'l Corp. v. Baird*, No. 03-CV-162, 2008 WL 545015, at *1–2 (S.D. Ohio Feb. 27, 2008) (Marbley, J.) (focusing on the irreparability and immediacy of harm before ruling on TRO).

This Court has already examined the appropriateness of a TRO and preliminary injunction in the context of a request for confirmation of condemnation authority and for immediate possession in its Order dated March 1, 2017. (ECF No. 460).

### A. Immediacy of Harm

Rover has met its burden of showing immediacy of harm as to the Klotzle property; Oneacre property; McCoy property; Hopkins property; Holiday property; Dotterer property; J & R Passmore, LLC property; Karen Lehman, Stanley Connell and Karen Lehman Family Revocable Living Trust, and Stanley J. Connell properties; Florence property; James P. Shippy Irrevocable Trust Agreement Dated July 22, 2010 property; and Jeffrey A. Paczewski property. These properties have slips, erosion control devices that need to be checked, and, in one instance,

Rover needs to conduct an anomaly dig to determine if there is a problem with the pipeline These circumstances present possible safety issues. When these issues may evolve from potential to actual is not, and cannot, be known. With such uncertainty, these safety issues must be addressed as soon as possible.

As to the remediation on the Buckeye Grove Farm, LLC property and Fennimore property, Rover has not shown immediacy of harm. The Buckeye Grove Farm property requires routine remediation and, while Rover noted that additional remediation *could* be required, Rover could not confirm that it needed access to Buckeye Grove Farm's property for any more serious remediation. The Fennimore property requires environmental remediation—leveling out a low spot, and rebuilding stream banks. These may be issues that Rover ultimately needs to fix, but Rover has shown no reason why such remediation cannot wait until the full Preliminary Injunction hearing. These remediation efforts do not present a safety issue or risk the pipeline being shut down. Rover has not given any reason why it cannot wait until the Preliminary Injunction hearing to gain access to these properties. Rover's Motion as to the Buckeye Grove Farm, LLC property and Fennimore property are hereby **DENIED**.

### B. Irreparability of Harm

Rover has also shown that it will suffer irreparable harm absent a temporary restraining order and immediate possession of the easements for those remediation efforts that meet the immediacy requirements. Harm is irreparable if it "is not fully compensable by money damages." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). The safety concerns involved here are serious and, were they to come to pass, would be irreparable. Even assuming the lowest possible harm—that is, no physical harm to landowners but the possibility that the pipeline would be shut down or that Rover could not comply with FERC requirements, this

Court has recognized before the possibility of irreparable harm from the inability to comply with a pipeline's FERC responsibilities. *See Tex. E. Transmission, LP v. Barack*, No. 2:14-cv-0336, 2014 WL 1408058, at *2 (S.D. Ohio Apr. 11, 2014) (Frost, J). The possibility that the pipeline could be on unstable ground is a serious concern that also meets the requirement of showing irreparability of harm. Rover has therefore shown irreparability of harm.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS IN PART and DENIES IN PART** Rover's Motion for Additional Easements and Immediate Possession. Rover shall have access to the requested land and for the requested purposes as follows:

- Klotzle property for erosion control
- Oneacre property for slip repair
- McCoy property for slip repair
- Hopkins property for erosion control
- Holiday property for slip repair
- Laura E. Dotterer and Robert Dotterer; J & R Passmore, LLC; Karen Lehman, Stanley Connell and Karen Lehman Family Revocable Living Trust, and Stanley J. Connell; Florence, James P. Shippy Irrevocable Trust Agreement Dated July 22, 2010; and Jeffrey A. Paczewski properties for slip repair, erosion control, an anomaly dig, and PHMSA dig

Rover's Motion is **DENIED** as to the Buckeye Grove Farm, LLC and Fennimore properties.

Rover shall post bond equal to the final offer amount to the landowners, **by noon on April 11, 2019**. The bond amounts shall be as follows, subject to setoff for any bonds still posted as part of previous motions for immediate condemnation and possession:

- $208,958.40 for the Klotzle property
- $8,500 for the Oneacre property
- $15,280 for the McCoy property
- $91,261.80 for the Hopkins property
- $3,000 for the Holiday property
- $11,950 for the Dotterer property
- $3,000 for the Passmore property
- $9,000 for the Karen Lehman and Stanley Connell properties
- $9,000 for the Florence property

5

- $17,220 for the Shippy property
- $6,200 for the Paczewski property

This Temporary Restraining Order will remain in effect until adjournment of the Preliminary Injunction hearing. The Preliminary Injunction hearing will be held on **Friday, April 26, 2019 at 9:00 a.m.** before the Honorable Algenon L. Marbley, United States District Court, 85 Marconi Boulevard, Columbus, Ohio, Court Room 1, Third Floor. The Court will not continue the hearing date except upon written motion supported by an affidavit demonstrating exceptional circumstances, made immediately upon the party's or counsel's receipt of notice of the existence of the exceptional circumstances.

Defendants' memoranda contra must be filed by **April 17, 2019.** Rover's Reply must be filed by **April 22, 2019.** The focus of the parties' briefing should be the four factors the Court will consider in determining whether a Preliminary Injunction is warranted: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction. The opening briefs shall not exceed twenty (20) pages, and the reply briefs shall not exceed ten (10) pages.

If the parties require expedited discovery, they should meet and confer on a proposed discovery plan for this Court's approval. The Court shall handle all discovery disputes for the purposes of the Preliminary Injunction briefing.

The parties, or a party, in its opening Preliminary Injunction brief, may move to consolidate the Preliminary Injunction hearing with the trial on the merits. If the motion to consolidate is not raised in a party's opening brief, it will be considered waived.

An appendix outlining the trial procedures to be followed at the Preliminary Injunction hearing follows this Order.

**IT IS SO ORDERED.**

<u>s/Algenon L. Marbley</u>
**ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE**

**DATED: April 10, 2019**

# APPENDIX

## I. TRIAL PROCEDURES

### Counsel Tables

Plaintiff will occupy counsel table next to the jury box. Defendant will occupy counsel table across from Plaintiff and, to the extent necessary, the pews in the gallery.

### Appearances

Counsel will enter their appearance with the Court Reporter and the Courtroom Deputy Clerk before the start of the opening session of the hearing.

### Addresses By Counsel

Counsel will address the Court in the following manner:

   (a)   All addresses to the Court will be made from the lectern facing the Court.

   (b)   Counsel shall stand when addressing the Court for any reason.

### Objections

Counsel will stand when making an objection and will make the objection directly and only to the Court.

When objecting, state only that you are objecting and the succinct legal basis for your objection. Objections shall not be used for the purpose of making speeches, repeating testimony, or to attempt to guide a witness.

Argument upon an objection will not be heard unless permission is given or argument is requested by the Court. Either counsel may request a bench conference.

### Decorum

Colloquy, or argument between counsel will not be permitted. All remarks shall be addressed to the Court.

Counsel shall maintain a professional and dignified atmosphere throughout the hearing.

During the hearing, counsel shall not exhibit familiarity with witnesses or opposing counsel and shall avoid the use of first names.

During opening statements and final arguments, all persons at counsel table shall remain seated and be respectful so as not to divert the attention of the Court.

Do not ask the Court Reporter to mark testimony. All requests for re-reading of questions or answers shall be addressed to the Court.

### Demonstrative Evidence

If any sketches, models, diagrams, or other demonstrative evidence of any kind will be used during the proceeding, they must be exhibited to opposing counsel two days prior to the hearing. Objections to the same must be submitted to the Court prior to the commencement of the hearing. Demonstrative evidence prepared solely for the purpose of final argument shall be displayed to opposing counsel at the earliest possible time but in no event later than one-half hour before the commencement of the arguments.

Counsel must supply his/her own easel, flip charts, etc. for the hearing.

### Exhibits

Counsel will assemble and mark all exhibits and deliver them to the courtroom deputy prior to the commencement of the hearing. Plaintiff's exhibits will bear the letter prefix P followed by Arabic numerals and Defendant's exhibits will bear the prefix D followed by Arabic numerals.

Counsel should keep a list of all exhibits and should supply the Court, courtroom deputy and opposing counsel with a copy of the same.

Each counsel is responsible for any exhibits secured from the courtroom deputy. At the end of each hearing session, all exhibits shall be returned to the courtroom deputy.

The parties shall use three-ring tabbed notebooks for their exhibits which will be submitted two (2) days before the hearing. The parties shall provide one (1) copy of their tabbed exhibit notebook(s) to opposing counsel, and three (3) copies to the Court—one each for the Judge, the law clerk, and the courtroom deputy (for use at the witness stand).

Exhibits which are produced for the first time during the hearing, as in the case of exhibits used for impeachment, shall be tendered to the courtroom deputy for marking and then displayed to opposing counsel.

### Sanctions

The parties and counsel shall comply fully and literally with this pre-hearing order. The Court will consider the imposition of appropriate sanctions in the event of non-compliance, including monetary sanctions, the dismissal of claims or defenses, or the exclusion of evidence. Fed. R. Civ. P. 16(f).

This order supersedes all previous orders in this case to the extent previous orders are inconsistent with this order.

The parties shall address questions about this Order to the Court's Law Clerk, Marie Rehg, at (614) 719-3263, by way of a telephone conference with counsel for all parties participating, or with fewer than all counsel participating with express permission of non-participating counsel. Or, the parties may contact Ms. Rehg at marie_rehg@ohsd.uscourts.gov, by way of email with counsel for all parties carbon-copied, or with fewer than all counsel carbon-copied with express permission of non-participating counsel.