# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ROVER PIPELINE LLC,**

      **Plaintiff,**

    vs.

**5.46 ACRES OF LAND, MORE OR LESS, IN BELMONT COUNTY, OHIO (PIPELINE RIGHT-OF-WAY SERVITUDE), et al.,**

      **Defendants.**

Civil Action 2:17-cv-105
Chief Judge Algenon L. Marbley
Magistrate Judge Jolson

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Seal. (Doc. 931). Plaintiff seeks to file Exhibit "C" to its Combined Motion for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction (Doc. 930-3) under seal. (*See generally* Doc. 931). For the reasons that follow, Plaintiff's Motion is **DENIED without prejudice to re-filing**.

### I. STANDARD

A district court may enter a protective order during discovery on a mere showing of "good cause." Fed. R. Civ. P. 26(c)(1). "[V]ery different considerations apply" when a party seeks to seal documents "[a]t the adjudication stage," which applies "when the parties place material in the court record." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quotation omitted). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For

this reason, the moving party owns a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179). "[T]he seal itself must be narrowly tailored to serve that reason," which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305–06 (quotation marks and citation omitted). Similarly, the court "that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure." *Id.* at 306 (quotation marks and citation omitted).

## II. DISCUSSION

The Sixth Circuit's decision in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan* provides guidance for analyzing Plaintiff's Motion. There, "[n]umerous court filings," including the plaintiffs' amended complaint, the motion for class certification, and 194 exhibits, were filed under seal. *Graiser v. Visionworks of Am., Inc.*, No. 1:15-CV-2306, 2016 WL 3597718, at *1 (N.D. Ohio July 5, 2016) (citing *Shane Grp., Inc.*, 825 F.3d at 307). The sole justification was that the filings "contained materials designated as confidential under [a joint] protective order." *Graiser*, 2016 WL 3597718, at *1 (citing *Shane Grp., Inc.*, 825 F.3d at 306). And the Sixth Circuit held that such reasoning was "inadequate" to seal the documents at issue because it was "brief" and "perfunctory." *Shane Grp., Inc.*, 825 F.3d at 306.

Plaintiff's reasoning here is similarly thin. It states simply that "Exhibit C contains confidential financial information, and thus should not be made publicly available." (Doc. 931 at 1). But it also notes that it has filed a redacted version of the exhibit that redacts the "confidential financial information." (*Id.*). But, as the Sixth Circuit has told us, "in civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and

2

information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp., Inc.*, 825 F.3d at 308 (citation and quotations omitted). And Plaintiff has not demonstrated that the information it seeks to seal falls into any of these categories.

Moreover, as the Court in *Shane* also emphasized, "[i]n delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). But Plaintiff has not "demonstrate[d]—on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal." *Shane Grp., Inc.*, 825 F.3d at 308; *see also Blasi v. United Debt Servs., LLC*, No. 2:14-CV-83, 2016 WL 3765539, at *1 (S.D. Ohio July 14, 2016) (applying *Shane* to reach a similar conclusion); *Graiser*, 2016 WL 3597718, at *2 (same). Indeed, Plaintiff has not explained with particularity why redaction is proper let alone filing the entire exhibit under seal.

Plaintiff's Motion (Doc. 931) is therefore **DENIED without prejudice to re-filing**. The Clerk is **DIRECTED** to temporarily seal Exhibit C (Doc. 930-3) **for ten (10) days**. While Exhibit C is under a temporary seal, Plaintiff may re-file a more detailed and narrowly-tailored motion to permanently seal. *See Blasi*, 2016 WL 3765539, at *1 (noting that a proper motion to seal must "demonstrate[] a compelling reason for filing under seal, . . . must be narrowly tailored to serve that reason," and must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations").

### III.  CONCLUSION

For the above reasons, Plaintiff's Motion to Seal (Doc. 931) is **DENIED without prejudice to re-filing**.

IT IS SO ORDERED.

3

Date: June 30, 2020 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE