IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ROVER PIPELINE, LLC** : | |
| : | Case No. 2:17-cv-00105 |
| **Plaintiff,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Jolson |
| **MARC C. KANZIGG, et al.,** : | |
| : | |
| : | |
| **Defendants.** : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Plaintiff Rover Pipeline, LLC's Combined Motion for a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction. Doc. 930. A Rule 65.1 Conference was held on June 30, 2020 at 1:30 p.m. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion for a Temporary Restraining Order [#930]. The Court, however, **RESERVES** any ruling on Plaintiff's Motion for a Preliminary and Permanent Injunction, as the parties have reached a verbal resolution of this matter.

### II. BACKGROUND

Plaintiff is a natural gas company that operates a pipeline through parts of Ohio pursuant authority granted by the Federal Energy Regulatory Commission ("FERC"). Defendant Todd Billiter is the owner of approximately 49 acres of real property located in Monroe County, Ohio. On March 24, 2017, Defendant entered into a Permanent Easement Agreement with Plaintiff, which granted Plaintiff the right to conduct all activities necessary to plan, construct, and operate its interstate natural gas pipeline across a portion of Defendant's property. *See* Docs. 930-1; 930-

1

3. Due to extraordinary rainfall in 2017, Plaintiff experienced a significant number of slips[1] on and off its original construction right-of-way, including a significant slip on Defendant's property. Doc. 930-2.  Consequently, Plaintiff and Defendant entered into a Right-of-Entry agreement allowing Plaintiff to access as much of Defendant's property as necessary to remediate any, and all, slips.

Despite having the legal authority to enter onto Defendant's property, Defendant has allegedly harassed, taunted, and interfered with Plaintiff's activities.  For example, on June 25, 2020, Defendant confronted Plaintiff's Pipeline Operator -- Paul Davis -- and began shouting obscenities and ordering everyone off the property.  Additionally, Defendant repeatedly acted as if he was going to throw an unknown object at the Operator.  Fearing for their safety, Plaintiff's crew ceased operations, abandoned their equipment, and left the property.  Plaintiff now comes to the Court seeking injunctive relief, precluding Defendant from obstructing Plaintiff's right to construct, remediate, and maintain its pipeline project.

### III. LAW AND ANALYSIS

A temporary restraining order is an emergency measure. *ApplianceSmart, Inc. v. DeMatteo*, 2018 WL 6727094, at *2 (S.D. Ohio Dec. 21, 2018).  Federal Rule of Civil Procedure 65(b) requires a court to examine, on application for a temporary restraining order, whether "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant."  Fed. R. Civ. P. 65(b)(1)(A).  A temporary restraining order is "meant to prevent immediate and irreparable harm to the complaining party during the period necessary to conduct a hearing on a preliminary injunction." *DeMatteo*, 2018

---

[1] Plaintiff represents that a slip occurs when the stability of a slope of land shifts from stable to unstable condition.

WL 6727094, at *2 (internal quotations omitted).  Thus, "although some courts would examine the four factors required for issuance of a preliminary injunction, a focus on the irreparability and immediacy of harm is all that is required." *Id.* (internal quotations omitted).

## A.  Irreparability of Harm

The first factor the Court must consider is the irreparability of harm that Plaintiff faces absent injunctive relief.  Here, Plaintiff maintains that the harm and potential damage that could result from not repairing the slip on the pipeline project is both incalculable and beyond the financial means of Defendant to fully compensate Plaintiff, as inaction could lead to a complete failure of the pipeline.  *See Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992) ("[A]n injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate."); *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002) ("A plaintiff's harm from denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages.").  Moreover, Plaintiff contends that, because of the slip, the down slope streams on Defendant's property are in jeopardy of sediment contamination.  According to Plaintiff, any such harm to the stream would violate the Clean Water Act, Plaintiff's permits with the United States Army and Ohio EPA, and Plaintiff's obligations to the FERC.  This Court has already found the possibility of irreparable harm under the above circumstances:

> Even assuming the lowest possible harm—that is, no physical harm to landowners but the possibility that the pipeline would be shut down or that Rover could not comply with FERC requirements, this Court has recognized before the possibility of irreparable harm from the inability to comply with a pipeline's FERC responsibilities.  The possibility that the pipeline could be on unstable ground is a serious concern that also meets the requirement of showing irreparability of harm.  *Rover Pipeline, LLC v. Kanzigg, et al.* Case No. 2:17-cv-00105, Doc. 846 at 4-5 (internal citation omitted).
>
> . . .

3

> In issuing previous temporary restraining orders and preliminary injunctions, this Court has found possible harm from slips irreparable. Slips present the possibility that the pipeline will be on unstable ground and could result in the pipeline being shut down or even cause physical harm to landowners. Rover has also referenced the possibility of Clean Water Act violations. Therefore, Rover has made a showing of irreparable injury.

*Rover Pipeline, LLC v. Kanzigg, et al.* Case No. 2:17-cv-00105, Doc. 901 at 8. Because there is no basis to stray from these earlier conclusions, the Court finds that Plaintiff has demonstrated that it would face irreparable harm absent injunctive relief.

### B. Immediacy of Harm

The next factor the Court must address is the immediacy of harm at issue. Here, Plaintiff asserts that without immediate access to repair the pipeline slip on Defendant's property, there is a possibility that the pipeline will fail completely. Given the uncertainty surrounding when this potential failure may turn into an actual failure, the Court finds that the repairs must be addressed as soon as possible. *See Rover Pipeline, LLC v. Kanzigg, et al.* Case No. 2:17-cv-00105, Doc. 846 at 3-4 ("These properties have slips, erosion control devices that need to be checked, and, in one instance, Rover needs to conduct an anomaly dig to determine if there is a problem with the pipeline[.] These circumstances present possible safety issues. When these issues may evolve from potential to actual is not, and cannot, be known. With such uncertainty, these safety issues must be addressed as soon as possible."). Plaintiff has thus established immediacy of harm. Accordingly, the Court **GRANTS** Plaintiff's Motion.

### IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion for a Temporary Restraining Order [#930].[2] Defendant and/or his agents are hereby **ENJOINED** from taking any

---

[2] The Court, in its discretion, will not require Plaintiff to post a bond, as Plaintiff has already compensated Defendant in upwards of $185,000 under the Easement and Right-of-Entry Agreements. *See Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995)

action to obstruct Plaintiff's pipeline construction activities.  In addition, the parties have reached

a verbal resolution of this matter, the terms of which are set forth below:

1. Defendant will not interfere with or obstruct Plaintiff's pipeline construction activities.

2. Defendant does not waive any right to bring additional claims for property damages against Plaintiff.

3. Plaintiff's counsel, Gregory Brunton, along with a client representative, will meet with Defendant at his property on Thursday, July 9, 2020 at 11:00 a.m. to discuss any and all issues related to Plaintiff's pipeline construction activities.

**IT IS SO ORDERED.**

                                      **ALGENON L. MARBLEY**
                                      **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: June 30, 2020**

---

("While we recognize that the language of Rule 65(c) appears to be mandatory, and that many circuits have so interpreted, the rule in our circuit has long been that the district court possesses discretion over whether to require the posting of security.").  Moreover, Defendant did not object to the Court issuing a Temporary Restraining Order without imposing a bond.